IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
June 1, 2021 Session

## JONATHAN FINLEY v. WETTERMARK KEITH, LLC

**Appeal from the Circuit Court for Hamilton County**
**No. 19C1198          L. Marie Williams, Judge**

———————————————————

### No. E2020-01081-COA-R3-CV

———————————————————

In this legal malpractice action, the trial court determined that any duty owed by the defendant law firm to the plaintiff ceased when the law firm undisputedly terminated its representation of the plaintiff more than five months prior to expiration of the statute of limitations applicable to the plaintiff's underlying claim. The court found that the plaintiff had ample time within which to hire new counsel before the statute of limitations would have run on his personal injury claim. The court also found that the plaintiff had failed, within that timeframe, to obtain new counsel or inquire about the status of his claim such that any damages he suffered were due to his own inaction. The court accordingly granted summary judgment in favor of the defendant law firm. The plaintiff has appealed. Discerning no reversible error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Affirmed; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and KRISTI M. DAVIS, J., joined.

Jonathan Finley, Chattanooga, Tennessee, Pro Se.

Donald K. Vowell, Knoxville, Tennessee, for the appellee, Wettermark Keith, LLC.

### OPINION

#### I. Factual and Procedural Background

On October 29, 2019, Jonathan Finley, proceeding self-represented, filed a complaint against Wettermark Keith, LLC ("Wettermark"), in the Hamilton County Circuit Court ("trial court"), alleging that he had hired Wettermark on August 24, 2018, to represent him with regard to "an accident where the plaintiff sustained 2nd degree

burns to the arm cause[d] by an air bag." Mr. Finley asserted that Wettermark had failed to file suit against General Motors Company ("General Motors") within the applicable statute of limitations such that his claim was now time-barred. Mr. Finley accordingly claimed that Wettermark should be held liable for failing to provide competent representation. Concomitant with his complaint, Mr. Finley filed a uniform civil affidavit of indigency. The trial court allowed Mr. Finley to proceed with his filings as an indigent person.

On December 10, 2019, Wettermark filed a motion to dismiss Mr. Finley's complaint, pursuant to Tennessee Rule of Civil Procedure 12.02(6), asserting that Mr. Finley had failed to state a claim upon which relief could be granted. Wettermark acknowledged that Mr. Finley had sought legal representation from Wettermark in August 2018 and averred that in February 2019, Mr. Finley had agreed to settle his personal injury claim related to an automobile accident for $1,800.00. According to Wettermark, Mr. Finley then refused to sign the release it had sent to him. Wettermark stated that it had subsequently terminated its representation of Mr. Finley in March 2019 following Mr. Finley's failure to execute the release required for him to receive his settlement proceeds. Mr. Finley filed a response in opposition to the motion to dismiss.

On January 27, 2020, Mr. Finley filed a motion seeking to amend his complaint to add a claim for damages in the amount of eight million dollars. Wettermark subsequently filed an answer, admitting that Mr. Finley had hired Wettermark in August 2018 with regard to a recent automobile accident. Wettermark further admitted that Mr. Finley and Wettermark had entered into a contingency-fee contract for legal services. Wettermark denied that Mr. Finley's potential claims were related to a faulty airbag or that its representation of Mr. Finley concerned such a claim. Wettermark therefore admitted that it had never filed suit on Mr. Finley's behalf against General Motors, stating that the parties' contract did not concern a products liability action. Wettermark also averred that the parties' relationship was dissolved on March 22, 2019. Wettermark further pled various affirmative defenses, including unclean hands and lack of contract formation.

On April 13, 2020, Mr. Finley filed a motion for summary judgment. Wettermark likewise filed a motion for summary judgment on the following day. Wettermark attached an affidavit from attorney Steven Nicewonder, who stated that he was the intake manager for Wettermark and that Mr. Finley had signed a standard, motor-vehicle-accident contract. Mr. Nicewonder stated that Wettermark did not maintain any "Takata Airbag" cases.

Wettermark also filed a copy of the parties' contract, which reflects that Wettermark had agreed to handle all claims against "all responsible parties" arising out of an accident that occurred on or about August 24, 2018, on behalf of Mr. Finley, for a contingency fee. In addition, Wettermark attached a copy of a letter that one of its employees sent to Mr. Finley on March 25, 2019, stating that Wettermark was declining

further representation of him but encouraging him to seek the advice of another attorney concerning his case before expiration of the applicable time limitation.

Wettermark further attached the affidavit of William Hassinger, who stated that he was the Wettermark attorney assigned to handle Mr. Finley's automobile accident claim. According to Mr. Hassinger, Mr. Finley's only damages consisted of one visit to Physicians Care at an expense of $95.00. Mr. Hassinger stated that he had procured a settlement offer from Progressive Insurance in the amount of $1,800.00 and that Mr. Finley had authorized acceptance of this offer. Notwithstanding, when Mr. Hassinger sent Mr. Finley the requisite release, Mr. Finley returned it with "significant alterations." Mr. Hassinger further stated that he advised Mr. Finley via telephone that he could no longer represent him on March 22, 2019, and sent a letter confirming termination of the representation on March 25, 2019. Mr. Hassinger indicated that Mr. Finley had no further contact with him.

The trial court entered an order on June 8, 2020, determining that neither party's motion for summary judgment was compliant with the requirements of Tennessee Rule of Civil Procedure 56. The trial court allowed both parties an additional seven days' time within which to file their respective statements of undisputed material facts as required by Tennessee Rule of Civil Procedure 56.03. Mr. Finley subsequently filed his "statement of fact," stating that the parties executed a contract on August 24, 2018, wherein Wettermark agreed to represent Mr. Finley against all responsible parties concerning his injuries. Mr. Finley asserted that General Motors was one of the responsible parties for his injuries because his automobile was manufactured by General Motors and the airbag was faulty, causing second degree burns to his arm when it deployed. Mr. Finley stated that Wettermark's failure to file a lawsuit against General Motors was a violation of the parties' contract.

On June 15, 2020, Wettermark likewise filed a statement of undisputed material facts. Wettermark stated that the parties did not have a contract concerning representation with regard to "faulty airbags" or filing suit against General Motors. Wettermark also indicated that it did not represent litigants with "faulty airbag" claims. According to Wettermark, its representation of Mr. Finley was limited to pursuing an award of damages from the driver of the other vehicle regarding his automobile accident. Wettermark added that although Mr. Finley agreed to accept a settlement offer from the tortfeasor's insurance company in the amount of $1,800.00, he refused to sign the associated release to receive the settlement proceeds. Wettermark stated that it had terminated its representation of Mr. Finley in March 2019 and that no further contact between the parties occurred. Mr. Finley subsequently filed a "Disputation of Facts," asserting that his contract with Wettermark provided that Wettermark would handle all claims against "all responsible parties" arising out of the accident.

The trial court entered an order concerning the countervailing motions for summary judgment on August 11, 2020. The court noted that Mr. Finley had not disputed Wettermark's assertion of fact, supported by Mr. Hassinger's affidavit, that Wettermark had terminated its representation of Mr. Finley in March 2019 while warning him of "strict time limits that could bar his claim if not timely filed." The court thus determined that any duty owed by Wettermark to Mr. Finley ceased as of March 22 or 25, 2019, when the representation was undisputedly terminated. The court further found that after that date, Mr. Finley still had over five months within which to hire new counsel or take other action to protect his interests before the statute of limitations would have run on his personal injury claims. The court accordingly determined that any damages Mr. Finley suffered were due to his own failure to act. The court therefore granted summary judgment in favor of Wettermark and denied Mr. Finley's summary judgment motion. Mr. Finley timely appealed.

## II. Issue Presented

Inasmuch as Mr. Finley's appellate brief does not contain a statement of issues, it is difficult to discern the specific errors he alleges were made by the trial court.[1] Mr. Finley clearly asserts in his brief, however, that he is dissatisfied with the trial court's grant of summary judgment in favor of Wettermark. Moreover, Wettermark acknowledges in its appellate brief that the following constitutes the overarching, dispositive issue on appeal:

> Whether the trial court erred by granting summary judgment in Wettermark's favor.

## III. Standard of Review

The grant or denial of a motion for summary judgment is a matter of law; therefore, our standard of review is *de novo* with no presumption of correctness. *See Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015); *Dick Broad. Co. of Tenn. v. Oak Ridge FM, Inc.*, 395 S.W.3d 653, 671 (Tenn. 2013) (citing

---

[1] Although a party's failure to comply with Tennessee Rule of Appellate Procedure 27 can be deemed a waiver of that party's issues on appeal, *see Hodge v. Craig*, 382 S.W.3d 325, 334 (Tenn. 2012), this Court may exercise its discretion to "suspend or relax the procedural rules in a given case for good cause," *City of La Vergne v. LeQuire*, No. M2016-00028-COA-R3-CV, 2016 WL 6124117, at *2 (Tenn. Ct. App. Oct. 19, 2016) (citing Tenn. R. App. P. 2). In addition, "[t]he *Tennessee Rules of Appellate Procedure* should be construed to afford all parties a hearing on the merits." *Paehler v. Union Planters Nat'l Bank*, 971 S.W.2d 393, 397 (Tenn. Ct. App. 1997) (citing Tenn. R. App. P. 1 ("These rules shall be construed to secure the just, speedy, and inexpensive determination of every proceeding on its merits.")). Due to Mr. Finley's *pro se* status and because Wettermark has not asked that we deem Mr. Finley's issue on appeal waived, we will exercise our discretion and consider the appeal on the merits.

*Kinsler v. Berkline, LLC*, 320 S.W.3d 796, 799 (Tenn. 2010)). As such, this Court must "make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Rye*, 477 S.W.3d at 250. As our Supreme Court has explained concerning the requirements for a movant to prevail on a motion for summary judgment pursuant to Tennessee Rule of Civil Procedure 56:

> [W]hen the moving party does not bear the burden of proof at trial, the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense. We reiterate that a moving party seeking summary judgment by attacking the nonmoving party's evidence must do more than make a conclusory assertion that summary judgment is appropriate on this basis. Rather, Tennessee Rule 56.03 requires the moving party to support its motion with "a separate concise statement of material facts as to which the moving party contends there is no genuine issue for trial." Tenn. R. Civ. P. 56.03. "Each fact is to be set forth in a separate, numbered paragraph and supported by a specific citation to the record." *Id.* When such a motion is made, any party opposing summary judgment must file a response to each fact set forth by the movant in the manner provided in Tennessee Rule 56.03. "[W]hen a motion for summary judgment is made [and] . . . supported as provided in [Tennessee Rule 56]," to survive summary judgment, the nonmoving party "may not rest upon the mere allegations or denials of [its] pleading," but must respond, and by affidavits or one of the other means provided in Tennessee Rule 56, "set forth specific facts" *at the summary judgment stage* "showing that there is a genuine issue for trial." Tenn. R. Civ. P. 56.06. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.,* 475 U.S. [574,] 586, 106 S. Ct. 1348, [89 L.Ed.2d 538 (1986)]. The nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party. If a summary judgment motion is filed before adequate time for discovery has been provided, the nonmoving party may seek a continuance to engage in additional discovery as provided in Tennessee Rule 56.07. However, after adequate time for discovery has been provided, summary judgment should be granted if the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the existence of a genuine issue of material fact for trial. Tenn. R. Civ. P. 56.04, 56.06. The focus is on the evidence the nonmoving party comes forward with at the summary judgment stage, not on hypothetical evidence that theoretically could be adduced, despite the passage of discovery deadlines, at a future trial.

*Rye*, 477 S.W.3d at 264-65. "Whether the nonmoving party is a plaintiff or a defendant—and whether or not the nonmoving party bears the burden of proof at trial on the challenged claim or defense—at the summary judgment stage, '[t]he nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party.'" *TWB Architects, Inc. v. The Braxton, LLC*, 578 S.W.3d 879, 889 (Tenn. 2019) (quoting *Rye*, 477 S.W.3d at 265). Pursuant to Tennessee Rule of Civil Procedure 56.04, the trial court must "state the legal grounds upon which the court denies or grants the motion" for summary judgment, and our Supreme Court has instructed that the trial court must state these grounds "before it invites or requests the prevailing party to draft a proposed order." *See Smith v. UHS of Lakeside, Inc.*, 439 S.W.3d 303, 316 (Tenn. 2014).

We recognize that Mr. Finley is a *pro se* litigant and respect his decision to proceed self-represented. With regard to self-represented litigants, this Court has explained:

> *Pro se* litigants who invoke the complex and sometimes technical procedures of the courts assume a very heavy burden. *Gray v. Stillman White Co.,* 522 A.2d 737, 741 (R. I. 1987). Conducting a trial with a *pro se* litigant who is unschooled in the intricacies of evidence and trial practice can be difficult. *Oko v. Rogers,* 125 Ill. App.3d 720, 81 Ill. Dec. 72, 75, 466 N.E.2d 658, 661 (1984). Nonetheless, trial courts are expected to appreciate and be understanding of the difficulties encountered by a party who is embarking into the maze of the judicial process with no experience or formal training.

*Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988). Although parties proceeding without benefit of counsel are "entitled to fair and equal treatment by the courts," we "must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003). In addition, this Court must "be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary." *Id.* Moreover, "[p]ro se litigants are not . . . entitled to shift the burden of litigating their case to the courts." *See Chiozza v. Chiozza*, 315 S.W.3d 482, 487 (Tenn. Ct. App. 2009) (quoting *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000)).

## IV. Summary Judgment

Mr. Finley asserts that the trial court erred in its grant of summary judgment in favor of Wettermark based on the court's determination that any duty owed by Wettermark to Mr. Finley ceased as of March 22 or 25, 2019, when the parties'

agreement concerning legal representation was terminated. Wettermark contends that the trial court's grant of summary judgment in its favor was correct because it owed no duty to Mr. Finley after having terminated its representation of him.

Concerning a motion for summary judgment, Tennessee Rule of Civil Procedure 56.03 provides in pertinent part:

> In order to assist the Court in ascertaining whether there are any material facts in dispute, any motion for summary judgment made pursuant to Rule 56 of the Tennessee Rules of Civil Procedure shall be accompanied by a separate concise statement of the material facts as to which the moving party contends there is no genuine issue for trial. Each fact shall be set forth in a separate, numbered paragraph. Each fact shall be supported by a specific citation to the record.

> Any party opposing the motion for summary judgment must, not later than five days before the hearing, serve and file a response to each fact set forth by the movant either (i) agreeing that the fact is undisputed, (ii) agreeing that the fact is undisputed for purposes of ruling on the motion for summary judgment only, or (iii) demonstrating that the fact is disputed. Each disputed fact must be supported by specific citation to the record. Such response shall be filed with the papers in opposition to the motion for summary judgment.

In the case at bar, Wettermark filed a motion for summary judgment and properly supported such motion with a statement of undisputed material facts. In its statement, Wettermark asserted: "Mr. Hassinger, on behalf of Wettermark Keith, informed Mr. Finley via telephone on March 22, 2019 and by letter on March 25th, 2019 that further representation was declined on his case." Although Mr. Finley subsequently filed a "Disputation of Facts," he did not dispute the above-quoted assertion. Rather, Mr. Finley simply stated that his contract with Wettermark provided that Wettermark would handle all claims against "all responsible parties" arising out of the accident.

As our Supreme Court has instructed:

> "[W]hen a motion for summary judgment is made [and] . . . supported as provided in [Tennessee Rule 56]," to survive summary judgment, the nonmoving party "may not rest upon the mere allegations or denials of [its] pleading," but must respond, and by affidavits or one of the other means provided in Tennessee Rule 56, "set forth specific facts" *at the summary judgment stage* "showing that there is a genuine issue for trial." Tenn. R. Civ. P. 56.06. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*

- 7 -

*Elec. Indus. Co.,* 475 U.S. [574,] 586, 106 S. Ct. 1348, [89 L.Ed.2d 538 (1986)]. The nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party.

*Rye*, 477 S.W.3d at 265. Mr. Finley has failed to show such facts here.

The gravamen of Mr. Finley's complaint was that Wettermark had committed legal malpractice by failing to file suit against General Motors on Mr. Finley's behalf before expiration of the statute of limitations. As such, we must review the trial court's grant of summary judgment within the framework of a legal malpractice claim. To establish a *prima facie* cause of action for legal malpractice, the plaintiff has the burden of proving each of the following elements: (1) a duty owed by the lawyer; (2) breach of that duty; (3) damages suffered by the plaintiff; (4) the attorney's breach as the cause in fact of those damages; and (5) the attorney's breach as the proximate, or legal, cause of the plaintiff's damages. *See Gibson v. Trant*, 58 S.W.3d 103, 108 (Tenn. 2001). Mr. Finley's legal malpractice claim fails because Wettermark has negated the first element of a legal malpractice claim—Wettermark has shown that it no longer owed a duty to Mr. Finley, having terminated its representation of him in March 2019. Again, this is a fact that Mr. Finley has not disputed. Moreover, because no continuing duty was owed to Mr. Finley, there could likewise be no breach of that duty.

In addition, Mr. Finley would be required to demonstrate a causal connection between Wettermark's alleged negligence and his injury. *See Lazy Seven Coal Sales, Inc. v. Stone & Hinds, P.C.*, 813 S.W.2d 400, 407 (Tenn. 1991). Wettermark has similarly negated this element by demonstrating that it had terminated its representation of Mr. Finley over five months prior to expiration of the one-year statute of limitations applicable to his claim, *see* Tennessee Code Annotated § 28-3-104 (2017), and Wettermark further demonstrated that its employee had advised Mr. Finley by letter to seek other counsel and to be mindful of the time limitation applicable to his claim. As such, Wettermark did not cause Mr. Finley to suffer the loss of a viable claim or any damages. *See Jones v. Allman*, 588 S.W.3d 649, 658-59 (Tenn. Ct. App. 2019), *perm. app. denied* (Tenn. Sept. 19, 2019) ("Because this avenue for relief still exists, [the plaintiff] has not demonstrated that he was damaged by [the attorney's] failure to pursue this remedy before discontinuing his representation of [the plaintiff] because [the plaintiff] ultimately did not suffer "the loss of a legal right, remedy or interest, or the imposition of a liability." (quoting *John Kohl & Co. P.C. v. Dearborn & Ewing*, 977 S.W.2d 528, 532 (Tenn. 1998))).

Instead, Mr. Finley's failure to seek other counsel or otherwise pursue his claim within the applicable time limitation was the cause of his damages. Mr. Finley's inaction following the termination of Wettermark's representation is the sole cause of any damages he may have experienced because his accident claim became time-barred. For

all of the above reasons, we conclude that Mr. Finley has failed to "demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find" in his favor. *See Rye*, 477 S.W.3d at 265. The trial court properly granted summary judgment in Wettermark's favor.

## V. Conclusion

For the foregoing reasons, we affirm the trial court's grant of summary judgment in favor of Wettermark. We remand this matter to the trial court for collection of costs assessed below. Costs on appeal are assessed to the appellant, Jonathan Finley.


s/Thomas R. Frierson, II

_____
THOMAS R. FRIERSON, II, JUDGE